IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No.: 3:10-CV-00487 |
| v. | )<br>) **CONSENT DECREE**<br>) |
| SECURITAS SECURITY SERVICES, USA INC. | )<br>)<br>) |
| Defendant. | )<br>) |

      The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Securitas Security Services, USA, Inc. ("Defendant") subjected Sheilandra Walker to a sexually hostile work environment because of her sex, female. The Commission also alleges that Defendant discharged Sheilandra Walker in retaliation for complaining about the harassment. Defendant denies all allegations set forth by the Commission. Likewise, the Commission does not in any way imply or suggest that the Defendant was in compliance with the law with respect to its dealings with Ms. Walker as alleged in this action.

      The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

      The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

      It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in

paragraphs 1 through 17 below.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII**.**

2. Defendant shall not maintain a sexually hostile work environment, or subject female employees to a sexually hostile work environment in violation of Title VII.

3. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

4. Defendant shall pay Sheilandra Walker the sum of Sixty-Five Thousand Dollars ($65,000.00) in settlement of the claims raised in this action. Defendant shall make payment as follows: (1) Thirty-Eight Thousand One Hundred Sixty Dollars ($38,160.00), representing backpay, by issuing a payroll check payable to Sheilandra Walker for $38,160.00 minus standard income withholdings consistent with the last W-4 form completed by Sheilandra Walker during her employment; and (2) Twenty-Six Thousand Eight Hundred Forty Dollars ($26,840.00) representing compensatory damages by issuing a check payable to Sheilandra Walker, which shall be reported on an IRS Form 1099 Miscellaneous Income Statement. All payments shall be made within fifteen (15) days after the entry of this Consent Decree, and Defendant shall mail the check to Sheilandra Walker at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Sheilandra Walker. Neither the Commission nor the Defendant make any representation, or assumes any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Ms. Walker may or may not incur on such payments under local, state, and/or federal law.

5. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall

eliminate from the personnel file and any employment records of Sheilandra Walker any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2008-02662 and the related events that occurred thereafter. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. Defendant shall provide Sheilandra Walker with a neutral letter of employment verification. A copy of that letter is attached as Exhibit A. In response to any verbal or written request for employment references and/or verifications of Ms. Walker's employment, Defendant will respond, in accordance with its policy, by releasing dates of employment and title of position held only. Salary information will be released with Ms. Walker's written consent. No additional information will be released. Any request for employment references and verifications should be made through The Work Number (800) 367-2884. Within ten (10) business days of the entry of this Consent Decree by the Court, the original, signed letter of employment verification shall be provided to Sheilandra Walker, and Sheilandra Walker is free to disseminate the letter and The Work Number to potential employers.

7. Within forty-five (45) of the entry of this Consent Decree by the Court, Defendant shall redistribute its current harassment policy (currently titled: Sexual Harassment Prevention Guidelines), which includes the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment and retaliation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute its policy to each current employee of the Charlotte, North Carolina branch at 5108 Reagan Dr., Charlotte, NC 28206 (Charlotte East branch) within the aforementioned 45 day time period. Within forty-five days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall continue to distribute the policy to all new employees and review it with them at the time of hire.

8. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in the Charlotte East branch location in a place visible to all employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days after the Consent Decree is entered, Defendant shall also make a one-time distribution of a copy of the policy to its employees of the Charlotte East branch through the United States mail and notify the Commission that it has been mailed pursuant to this provision. Within forty-five (45) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted pursuant to this provision. The policy will continue to be posted electronically.

9. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors, and human resources representatives at the Charlotte East branch. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policy. A copy of the training program and agenda will be provided to the Commission within forty-five (45) days of entry of this Consent Decree. In accordance with this paragraph, Defendant certifies that it will not deviate from the training program provided to the Commission and will use the same training program and agenda provided to the Commission during the terms of this Consent Decree.

The first training program shall be completed within one hundred (100) days after entry of the Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within fifteen (15) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within forty-five (45) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously

post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its Charlotte East branch. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Defendant shall also make a one-time distribution of a copy of the Employee Notice to its employees of the Charlotte East branch through the United States mail. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted and distributed pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. For Defendant's Charlotte East Branch, a list of all complaints, either verbal or written, made through Defendant's Hotline, a Human Resources representative, or an administrative agency, of unwelcome sexual conduct, including but not limited to, conduct the individual believed to be sexual harassment or believed to be a violation of Defendant's sexual harassment policy (referenced in paragraph 7 above). The list shall contain at a minimum, the following identifying information: each individual's name (unless the individual complains in an "anonymous" capacity), last known telephone number and address, and job title or position; the name of the individual or individuals who allegedly engaged in the conduct, as well as a detailed description of the alleged conduct. Additionally, at the request of the Commission, Defendant shall provide the complainant's social security number.

    B. A detailed description of what action, if any, Defendant took in response to the report/complaint made in 11.A above;

    C. For each individual identified in 11.A above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and a detailed statement explaining why the individual's employment status has changed if it has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Consent Decree at its discretion. As part of such review, the Commission may inspect Defendant's Charlotte East

Branch facilities without notice; however, the Commission representative must identify himself or herself to the Branch Manager or Human Resources Representative upon arrival. For any other review for compliance, including interviewing employees and examining and copying documents, the Commission will provide forty-eight (48) hours written notice to Defendant's Associate Corporate Vice President of Employee Relations, Annette Barber at [Annette.Barber@securitasinc.com](mailto:Annette.Barber@securitasinc.com) or her successor of the Commission's intent to interview employees or copy documents.

13. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have forty-five (45) days in which to investigate and respond to the allegations.

14. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

Signed: December 10, 2010

_____
Frank D. Whitney
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION, Plaintiff

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    **s/ Lynette A. Barnes**
    LYNETTE A. BARNES
    N.C. Bar No. 19732
    Regional Attorney
    129 West Trade Street, Suite 400
    Charlotte, N.C. 28202

    TINA M. BURNSIDE
    Supervisory Trial Attorney

    **s/ Stephanie M. Jones**
    STEPHANIE M. JONES
    Ga. Bar No. 403598
    Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY  COMMISSION
    Charlotte District Office
    129 West Trade Street, Suite 400
    Charlotte, North Carolina 28202
    Telephone: 704.954.6471
    Facsimile: 704.954.6412
    E-mail: stephanie.jones@eeoc.gov


    SECURITAS SECURITY SERVICES, USA, INC., Defendant

    **s/ Michael C. Pope**
    MICHAEL C. POPE
    Ca. Bar No. 146946
    Senior Staff Counsel
    *Not Licensed in North Carolina*
    SECURITAS SECURITY SERVICES, USA, INC.
    4330 Park Terrace
    Westlake Village, CA 91361
    Telephone:  818.706.6862
    Facsimile:   818.706.5045
    Email:Michael.pope@securitasinc.com

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following letter of reference for our former employee, Sheilandra Walker.

Ms. Walker was employed by Securitas Security Services, USA, Inc. from January 14, 2004 to April 19, 2008. During her tenure with us, Ms. Walker held the position of Security Officer. Her ending salary was $9.00 per hour.

It is standard Securitas USA Company policy that should anyone contact Securitas USA for employment references or verifications about any employee, we will only confirm dates of employment and job title. Salary will be verified with Ms. Walker's written consent. All references and/or verifications should be directed to the Work Number at (800) 367-2884. Therefore, we hope this information about Ms. Walker is helpful to you in considering her for employment.

Sincerely,

[Typed name of Employee Relations Manager]

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SECURITAS SECURITY SERVICES, USA INC.<br>Defendant. | Civil Action No.: 3:10-CV-00487<br><br>**EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to a resolution between the U.S. Equal Employment Opportunity Commission and Securitas Security Services USA, Inc. in a case of discrimination alleging sexual harassment and retaliation. Specifically, the EEOC alleged that Securitas Security Services USA, Inc. discriminated against an employee by subjecting her to a sexually hostile work environment because of her sex, female, and by terminating the employee's employment in retaliation for complaints about the sexual harassment.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Securitas Security Services USA, Inc. will comply with such federal laws in all respects. Furthermore, Securitas Security Services USA, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the EEOC.

DO NOT REMOVE THIS NOTICE UNTIL: _____